No. 47,442

STATE OF KANSAS, *Appellee*, v. GEORGE LEE SZOPENSKE, *Appellant*.

(538 P. 2d 722)

Opinion filed July 17, 1975.

*Robert W. Hedrick,* of Kansas City, was on the brief for the appellant.

*Curt T. Schneider,* attorney general, and *Patrick J. Reardon,* county attorney, were on the brief for the appellee.

*Per Curiam:* On December 18, 1967, appellant George Lee Szopenske, who had been charged with the first degree murder of a fellow inmate in the Kansas state penitentiary, entered a plea of guilty to the offense of second degree murder, and on December 22, 1967, was sentenced to a term of not less than ten nor more than fifteen years, the sentence to commence upon the expiration of the sentence appellant was already serving. Appellant and his counsel accepted the court's sentence without complaint. No appeal was taken.

On February 6, 1973, appellant filed a 60-1507 motion alleging (1) that the county attorney, at the time of his sentencing, failed to abide by a plea agreement reached with appellant's counsel that appellant would receive a lighter and concurrent sentence, and (2) that his counsel did not advise him that the state's evidence was insufficient to prove first degree murder, and therefore his plea was involuntary because it was entered under an unwarranted fear of

capital punishment. Following an evidentiary hearing, the trial court concluded no plea agreement had been entered or breached and that appellant's plea was voluntarily entered. His motion to vacate the sentence imposed was denied. The appeal is from this ruling.

The only evidence of a plea bargaining agreement was the testimony of the defendant and his codefendant, which was vague at best. Whatever probative value it may have had was considerably weakened by the fact that nearly five years had gone by since the guilty plea was entered, without any complaint having been made in all that time of a breach of any agreement. Furthermore, the county attorney at the time of the plea and the attorney who represented the defendant were available to be called as witnesses. Failure to call either of them raises a presumption they would not have supported the appellant's claim. In other words the evidence to support appellant's contention was not of such quality as to require the trial court to accept it and the court did not err in finding against the appellant on this point.

As to the second point the record is completely barren of anything to support the allegation that the state had no evidence to support its charge of first degree murder. The complaint that the appellant was denied due process of law by the failure of the state to assure him that it had no evidence to justify a fear of the death penalty is wholly without merit.

Judgment affirmed.

FROMME, J., not participating.